NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RYAN CRESPO,

*Plaintiff*,

v.

SKILLSOFT (US) LLC,

*Defendant*.

Civil Action No. 24-492

OPINION

December 31, 2025

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on Plaintiff Ryan Crespo's Motion to Reopen Case and for Interlocutory Appeal Certification of Order Granting Defendant's Motion to Compel Arbitration. (ECF 21, "Motion" or "Mot.") Defendant Skillsoft (US) LLC opposed the Motion (ECF 22, "Opposition" or "Opp.") and Plaintiff replied in support of the Motion (ECF 23, "Reply") and submitted supplementary materials for the Court's review as well (ECF 24, "Plaintiff's Supplement" or "Pl. Supp."). The Court has decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 15, 2023, Plaintiff filed a complaint against Defendant in Hudson County Superior Court, asserting claims for whistleblower retaliation in violation of the New Jersey Conscientious Employee Protection Act ("NJCEPA"), N.J. Stat. Ann. 34:19-1 *et seq*., and failure to pay wages in violation of the New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. Ann.

1

34:11-4.10.  (ECF 1, Ex. A, "Complaint" or "Compl.")  On January 26, 2024, Defendant removed the case to the District of New Jersey.  (ECF 1, "Notice of Removal.")  On March 4, 2024, in lieu of filing an answer, Defendant moved to compel Plaintiff to arbitrate his claims.  (ECF 8, "Motion to Compel Arbitration" or "Mot. Comp. Arb.")  On October 3, 2024, the Court issued an Opinion and Order granting the Motion to Compel Arbitration and staying the case pending resolution of the arbitration.  (ECF 13, "Opinion"; ECF 14, "Order.")  On November 13, 2024, the Court ordered the case be "administratively closed with the right of the parties upon good cause shown to reopen the action."  (ECF 15.)

On November 22, 2024, Plaintiff submitted a letter request to reopen the case on the basis that the Appellate Division of the New Jersey Superior Court issued a decision in *Singer v. Vella*, 2024 WL 4687315 (App. Div. Nov. 6, 2024) in which it found an agreement to arbitrate to be ambiguous because it used both the phrases "may arbitrate" and "must arbitrate[;]" Plaintiff asserted that he made the same argument in opposition to the Motion to Compel Arbitration.  (ECF 16.)  On December 4, 2024, Defendant filed a letter opposing Plaintiff's request to reopen the case, arguing that the request was untimely and arguing that *Singer* was distinguishable from this case.  (ECF 18.)  On December 6, 2024, Plaintiff submitted a letter arguing that his letter request was not untimely and refuting points made by Defendant.  (ECF 19.)  On January 16, 2025, the Court issued a text order denying Plaintiff's letter request.  (ECF 20.)

On March 28, 2025, Plaintiff filed the instant Motion, seeking to reopen the case and certify "the Order compelling arbitration so that [P]laintiff can file a petition for permission to appeal with the United States Court of Appeals for the Third Circuit" pursuant to 28 U.S.C. § 1292(b).  (Mot. at 1.)  On April 7, 2025, Defendants filed its Opposition brief.  (Opp.)  On April 14, 2025, Plaintiff filed his Reply in support of the Motion.  (Reply.)  On April 28, 2025, Plaintiff

submitted a letter supplement to the Motion, featuring an opinion rendered by the New Jersey Superior Court, Law Division, in *Daoud v. AT&T Services, Inc. et. al*, No. SOM-L-252-25 (N.J. Superior Ct., Law Div., April 28, 2025).  (Pl. Supp.)

## II.     LEGAL STANDARD

"[A]dministrative closings are not final orders[,]" but they have the practical effect of "remov[ing] a case from the court's active docket … in circumstances in which a case, though not dead, is likely to remain moribund for an appreciable period of time." *Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 247 (3d Cir. 2013) (citing *WRS, Inc. v. Plaza Entm't,* 402 F.3d 424, 429 (3d Cir. 2005) and *Lehman v. Revolution Portfolio L.L.C.,* 166 F.3d 389, 392 (1st Cir. 1999)) (internal quotations omitted).  "Most importantly, administrative closings have no effect on the district court's jurisdiction." *Id*. (citing *Penn West Associates v. Cohen*, 371 F.3d 118, 128 (3d Cir. 2004)).  "[A] court may reopen a closed case—either on its own or at the request of either party—even if it lacks an independent jurisdictional basis for doing so." *Id*.  Here, the Court has conditioned the right of the parties to reopen the action on a showing of good cause to do so. (ECF 15.)

> Concerning interlocutory appeals, Congress has provided as follows:
>
> "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

28 U.S.C. § 1292(b).  Stated more simply, "a district court may certify a non-final order for interlocutory appeal if the order (1) involve[s] a controlling question of law, (2) offer[s]

3

substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately [would] materially advance the ultimate termination of the litigation." *Altisource S.A.R.L. v. Szumanski*, No. 21-3293, 2023 WL 6797695, at *1 (D.N.J. Mar. 15, 2023) (cleaned up) (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). The movant bears the burden of demonstrating all three criteria. *Id.* (citing *Levine v. United Healthcare Corp.*, 285 F. Supp. 2d 552, 556 (D.N.J. 2003)).

"A controlling question of law must encompass at the very least every order which, if erroneous, would be reversible error on final appeal." *Katz,* 496 F.2d at 755. "A substantial ground for difference of opinion must arise out of genuine doubt as to the correct legal standard." *F.T.C. v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 634 (D.N.J. 2014), aff'd, 799 F.3d 236 (3d Cir. 2015) (internal quotations omitted). "A Section 1292(b) certification 'materially advances the ultimate termination of the litigation where the interlocutory appeal eliminates: (1) the need for trial; (2) complex issues that would complicate trial; or (3) issues that would make discovery more costly or burdensome.'" *Id.* at 635 (citing *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC,* No. 11–0011, 2013 WL 663301, at *4 (D.N.J. Feb. 21, 2013)).

"Interlocutory appeal under § 1292(b) is 'used sparingly[.]'" *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996). "[E]ven if all three criteria under Section 1292(b) are met, the district court may still deny certification, as the decision is entirely within the district court's discretion." *Morgan v. Ford Motor Co.*, No. 06-1080, 2007 WL 269806, at *2 (D.N.J. Jan. 25, 2007) (citing *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995); *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976)).

### III.  ANALYSIS

Plaintiff's contention that this case should be reopened rests on his interpretation of *Atalese v. U.S. Legal Servs. Grp., L.P.*, 219 N.J. 430 (2014), a case that lays out the criteria that arbitration agreements must meet to sufficiently notify a signatory that they are waiving their right to a jury trial. Specifically, Plaintiff argues that:

> "No court construing New Jersey law has addressed whether the New Jersey Supreme Court's requirement in *Atalese* that a knowing and voluntary waiver of the state constitutional right to a jury trial in favor of arbitration must explain the differences between litigation and arbitration mandates that an employer offering such an arbitration agreement to an employee must explain to the employee all of the disadvantages that the employee will face in arbitration as compared with litigation."

(Mot at 7-8.) In Plaintiff's view, this is a controlling question of law because "if [P]laintiff is correct in his construction of *Atalese*, then the Third Circuit would be required to reverse this Court's Order compelling arbitration on a final appeal." (*Id.* at 9.) Plaintiff then argues that this issue offers substantial ground for difference of opinion as to the correctness of this Court's Order "[b]ecause no court has addressed what exactly an arbitration agreement must explain regarding the differences between litigation and arbitration to be a knowing and voluntary waiver of the New Jersey constitutional right to a jury trial, [and] it is entirely unclear as to what *Atalese* requires in that regard." (*Id.* at 10.) Finally, Plaintiff argues that certification of this issue for interlocutory appeal may materially advance the termination of the litigation because "unless the arbitration results in an award for [P]laintiff that is comparable to what he would have obtained from a jury trial, [P]laintiff *will* file a final appeal from the Order compelling arbitration … even if he has won at arbitration." (*Id.*) Plaintiff asserts that "if this Court certifies the Order compelling arbitration for interlocutory appeal, then the arbitrability issue can be decided up front, and there will be only one proceeding on the merits, rather than potentially two." (*Id.* at 10-11.)

In its Opposition, Defendant argues that "Plaintiff failed to timely move to reconsider this Court's [O]rder compelling arbitration and is attempting to circumvent this issue with the present

5

[M]otion." (Opp. at 2.) Defendant also argues that "[c]ontrary to Plaintiff's claims, post-*Atalese* case law is well-settled that, in the arbitration context, "[n]o magical language is required to accomplish a waiver of rights, and the provision need not 'identify the specific constitutional or statutory right' subject to waiver." (*Id.* at 4) (citing *Noren v. Heartland Payment Sys., Inc.*, 448 N.J. Super. 486, 495 (App. Div. 2017); *Morgan v. Sanford Brown Inst.*, 225 N.J. 289, 309 (2016); and *Atalese*, 219 N.J. at 446.)

In his Reply brief, Plaintiff argues that the Motion is not time-barred; that the Court should not deny the Motion simply because Plaintiff raises the same arguments the Court rejected when ruling on the Motion to Compel Arbitration; and that his arguments concerning the alleged lack of clarity in *Atalese*'s holding on the requirements for an arbitration agreement to be enforceable warrant interlocutory appellate review. (*See* Reply at 1-8.)

First, Defendant mischaracterizes Plaintiff's Motion as an improper and untimely appeal. The Motion is proper, as the Court expressly granted the parties the right to request that the case be reopened upon good cause shown, and 28 U.S.C. § 1292(b) authorizes Plaintiff to seek certification of non-final orders for interlocutory appeal. (ECF 15.) There is no procedural bar to this Motion.

The substance of Plaintiff's Motion, however, does not show good cause to reopen this case or certify the Order for interlocutory appeal. Plaintiff is correct that the core issue of whether the arbitration agreement in this case gave Plaintiff sufficient notice that he was waiving his right to a jury trial is a "controlling question of law" such that, if the Court's Order granting the Motion to Compel Arbitration was wrongly decided, it would be reversible on appeal. *Katz,* 496 F.2d at 755.

Plaintiff does not adequately demonstrate that there is "substantial ground for difference of opinion" arising out of "genuine doubt as to the correct legal standard." *Wyndham Worldwide*, 10 F. Supp. 3d at 634. Plaintiff's argument that there is substantial ground for difference rests on his contention that there is doubt about the correct standard for "what exactly an arbitration agreement must explain regarding the differences between litigation and arbitration" to be enforceable. (Mot. at 10.) To support his argument that there is substantial ground for difference in this case, Plaintiff supplemented his briefing on this Motion with a letter enclosing *Daoud v. AT&T Services, Inc. et. al*, No. SOM-L-252-25 (N.J. Superior Ct., Law Div., April 28, 2025), a case in which the Somerset County Superior Court denied a motion for summary judgment on the basis that the arbitration agreement at issue in that case failed to provide sufficient notice of the rights the plaintiff in that case was waiving. (Pl. Supp.) Plaintiff in the instant case contends that "[t]he fact that two courts could arrive at diametrically opposed outcomes regarding the same legal arguments demonstrates that this Court's Order granting [D]efendant's motion to compel arbitration should be certified for interlocutory appeal because that Order 'involves a controlling question of law as to which there is substantial ground for difference of opinion,' as required by 28 U.S.C. § 1292(b)." (*Id.*)

First, *Daoud* is distinguishable from this case because *Daoud* involved an arbitration "agreement" that was automatically mass emailed to employees and structured as an "opt-out" in which the company stated "[i]f you do not opt out by the deadline, you are agreeing to the arbitration process as set forth in the Agreement." *Daoud*, No. SOM-L-252-25 at 3-5. In the instant case, Plaintiff signed the arbitration agreement at issue on July 14, 2021, and the agreement stated in plain, unambiguous terms that Plaintiff acknowledged he was waiving his right to pursue try his claims in court before a jury. (Opinion at 7-8.) These factual differences show that the

7

holding in *Daoud* does not evince a genuine doubt about the legal standard articulated in *Atalese*—if anything, they demonstrate that the standard is in fact clear and that courts understand how to apply it to different sets of facts.

Second, Plaintiff's framing of the holding in *Atalese* is inaccurate. Plaintiff claims that *Atalese* requires an enforceable arbitration agreement to "explain (1) 'that plaintiff is waiving her right to seek relief in a court for a breach of her statutory rights,' (2) 'what arbitration is,' and (3) 'how arbitration is different from a proceeding in a court of law[,]'" with emphasis on the third factor. (Mot. at 5.) Plaintiff draws these conclusions from the following passage in the case:

> "The provision does not explain what arbitration is, nor does it indicate how arbitration is different from a proceeding in a court of law. Nor is it written in plain language that would be clear and understandable to the average consumer that she is waiving statutory rights. The clause here has none of the language our courts have found satisfactory in upholding arbitration provisions—clear and unambiguous language that the plaintiff is waiving her right to sue or go to court to secure relief."

*Atalese*, 219 N.J. at 446. The statements Plaintiff takes issue with are observations about the ways in which the agreement in that case was deficient. In the very next breath, the court states the holding with clarity:

> "We do not suggest that the arbitration clause has to identify the specific constitutional or statutory right guaranteeing a citizen access to the courts that is waived by agreeing to arbitration. But the clause, at least in some general and sufficiently broad way, must explain that the plaintiff is giving up her right to bring her claims in court or have a jury resolve the dispute."

*Id.* at 446-447. This is a non-controversial standard that state and federal courts in New Jersey have applied to hundreds of cases in the years since it was decided. *See, e.g., Dorset v. United Healthcare Servs., Inc.*, No. 23-21749, 2025 WL 2779224 (D.N.J. Sept. 30, 2025) (applying *Atalese* and granting motion to compel arbitration); *Aquilino v. Spruce Power 3, LLC*, No. 24-07521, 2025 WL 914193 (D.N.J. Feb. 27, 2025) (same); *Sightseer Enter., Inc. v. Verizon New Jersey Inc.*, No. 18-16122, 2023 WL 358564 (D.N.J. Jan. 23, 2023) (same). As such, the Court

finds that there is not substantial ground for difference of opinion created by a genuine doubt as to the correctness of the holding in *Atalese*.

Finally, Plaintiff does not adequately demonstrate that granting his request to certify the order for interlocutory appeal may materially advance the termination of this litigation. In the Motion, Plaintiff stated that he might appeal this issue even if he wins in arbitration, and that his decision to appeal is contingent upon the amount he receives at arbitration. (Mot. at 10.) The parties have not arbitrated yet, despite this Court's order compelling them to do so and update the Court every three months on the progress of their arbitration. (Order.) Thus, at this stage, certifying the Order for appeal has as much of a chance of prolonging this litigation as it does of shortening it, as Plaintiff may not want to continue to press the issue after the parties arbitrate their claims. Accordingly, Plaintiff's request for certification of the order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is hereby **DENIED**.

### IV.   CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Reopen the Case and for Certification for Interlocutory Appeal is hereby **DENIED**. An appropriate order follows.

*/s/ Jamel K. Semper*  
**HON. JAMEL K. SEMPER**  
**United States District Judge**

Orig:   Clerk  
cc:     Cari Fais, U.S.M.J.  
        Parties